DAVID TYKULSKER, ESQ. (2609)
DAVID TYKULSKER & ASSOCIATES
161 Walnut Street
Montclair, New Jersey 07042
(973) 509-9292
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LAVASHA EDRINGTON-LATHAM, TERRY M. LUCAS, SHANTE WEATHERINGTON, SAMIRAH BREWER, and SHARITA BENOIT, for themselves and as representatives, | : : : : : | DOCKET NO. 2:22-cv-01465 SDW-LDW |
| Plaintiffs, | : : | |
| v. | : : | Civil Action |
| UNIFIED VAILSBURG SERVICES ORGANIZATION, SANDONNA JONES, TOMECCA KEYES and "Unknown Supervisors and Managers 1-5" (Names Being Fictitious), | : : : : : : | **FIRST AMENDED COMPLAINT AND JURY DEMAND** |
| Defendants. | : : | Representative and/or Class Action |

## SUMMARY OF CASE

1.  Plaintiffs bring this action to rectify Defendants' failure to pay timely all pay due them, and misclassified them as salaried workers, as required by the New Jersey Wage and Hour Law ("WHL"), N.J.S.A. 34:11-56a1 *et seq.*, and the Wage Payment Law ("WPL"), N.J.S.A. 34:11-4.1 *et seq.,* as well as common law contract and third-party beneficiary claims, both for themselves and for all similarly situated Teachers Assistants and Teachers.

-1-

2.  Plaintiffs bring their WHL, WPL, contract and third-party beneficiary claims individually and as a representative of the other similarly situated workers.

3.  Plaintiffs seek their and the Class's earned but unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and interest, as well as declaratory relief.

4. Alternatively, Plaintiffs bring their WHL, WPL, contract, and third-party claims individually and on behalf of a class of persons consisting of Teachers Assistants and Teachers pursuant to R. 4:32-1.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the WHL claims pursuant to N.J.S.A. 34:11-56a25 and the general jurisdiction of this Court.

6. This Court has jurisdiction over the WPL claims pursuant to N.J.S.A. 34:11-4.10(c), N.J.S.A. 34:11-56a25, and the general jurisdiction of this Court.

7.  Venue is appropriate in this Court as Defendant Unified Vailsburg Services Organization ("UVSO") has a principal place of business at 1044 South Orange Avenue, Newark, NJ, 07106 and the services rendered by the Plaintiffs and the Class to Defendants for which they were inadequately compensated were rendered in Essex County.

## PARTIES

8. Plaintiff  LAVASHA EDRINGTON-LATHAM, is an adult individual who currently resides in Irvington, Essex County, New Jersey, who during periods relevant to this Complaint worked for Defendants as a Teacher Assistant**.**

9. Plaintiff TERRY M. LUCAS is an adult individual who currently resides in North Carolina, but formerly resided in East Orange, Essex County, New Jersey, who during periods relevant to this Complaint worked for Defendants as a Teacher.

10. Plaintiff SHANTE WEATHERINGTON is an adult individual who currently resides in Clifton, Passaic County New Jersey, who during periods relevant to this Complaint worked for Defendants as a Teacher Assistant.

11. Plaintiff SAMIRAH BREWER is an adult individual who currently resides in Irvington, Essex County who during periods relevant to this Complaint worked for Defendants as a Teacher Assistant.

12. Plaintiff SHARITA BENOIT is an adult individual who currently resides in Hillside, Union County who during periods relevant to this Complaint worked for Defendants as a Teacher.

13. Defendant UVSO is a domestic non-profit corporation which has its principal place of business at 1044 South Orange Avenue, Newark, NJ, 07106.

14. Defendant SANDONNA JONES is and has been at all relevant times, upon information and belief, the effective chief executive of Defendant UVSO. Defendant Jones is, upon information and belief, a resident of Newark, Essex County.

15. Defendant TOMECCA KEYES is the Chair of the Board of Defendant UVSO, and is, upon information and belief, a resident of Newark, Essex County.

16. Defendants "Unknown Supervisors and Managers 1-5" (names being fictitious)("Supervisors") are the supervisors of Plaintiffs and the putative Class.

17. Each of Defendants Jones, Keyes, and Supervisors have at all relevant times had the power to stop any illegal pay practices at Defendant UVSO.

18.  At all times relevant to this Complaint, Defendants Jones, Keyes and Supervisors have each actively managed, supervised, and directed the business affairs and operation of Defendant UVSO, and have acted directly and indirectly in relation to the employees.

19.  At all times relevant to this Complaint, each of the Defendants was an employer who employed each Plaintiff, as those terms are defined by the WHL, N.J.S.A. 34:11-56a1(f) and (g) and in the WPL, N.J.S.A. 34:11-4.1.

20.  At all times relevant to this Complaint, each Plaintiff was an employee of each Defendant as that term is defined by the WHL, 34:11-56a1(h); and the WPL, N.J.S.A. 34:11-4.1.

## STATEMENT OF FACTS

21.  Defendant UVSO is a social service agency that performs a variety of functions including providing pre-school services per a contract with the Newark Board of Education and its predecessors to children residing in the Vailsburg area of the City of Newark and surrounding area ("the Newark BOE Contract").

22.  The salaries of Plaintiffs and the Class as hereinafter defined are set by that year's Newark BOE Contract.

23.  The compensation terms set by that year's Newark BOE Contract are then incorporated into the individual contracts between Defendants as employers and Plaintiffs and the Class as Employees.

24.  Under the terms of the Newark BOE Contract, Plaintiffs and the Class are expected to work 5 days a week, 6 hours per day.

25.  Defendants pay Plaintiffs and the Class on a salary basis.

-4-

26.  The pre-school services that are the subject of the Newark BOE Contract track the school year and are rendered in a ten month period running from September through June ("the School Year").

27.  Under the terms of the Newark BOE Contract, Defendant UVSO does not render pre-school services during the months of July and August.

28.  Each of the Plaintiffs and the Class were employed by Defendants as teacher assistants or teachers in carrying out the Newark BOE Contract.

29.  Each of the Plaintiffs and the Class worked for Defendants UVSO during the School Year from September through June.

30.  Defendants UVSO did not pay Plaintiffs and the Class their full salary during the School Year.  Rather approximately one-sixth of their salary was held back and was paid to Plaintiffs and the Class during July and August.

31.  Defendant UVSO's practice of holding back a portion of the wages of Plaintiffs and the Class amounted to a forced loan from Plaintiffs and the Class to Defendants, and is an improper deduction from their pay.

32.  Plaintiffs BREWER, WEATHERINGTON, BENOIT, LUCAS and certain members of the Class ("the Departing Subclass") completed the School Year but did not return to work for Defendants.

33.  Plaintiffs BREWER, WEATHERINGTON, BENOIT, LUCAS and the Departing Subclass were not paid their full compensation after they had completed their work in the School Year.

34.  Plaintiffs and all of the Class were paid on a salary basis.

35.    Beginning January 1, 2020, the WHL required that any employer who pays employees on a salary basis had to pay employees a minimum of $684.00 per week.

36.    Plaintiffs EDRINGTON-LATHAM,, WEATHERINGTON, BREWER and other Teacher Assistants ("the Teacher Assistant Subclass") were paid on a salary basis, but paid less than $684.00/week, as of January 1, 2020, and continuing to date.

## REPRESENTATIVE AND CLASS ACTION ALLEGATIONS

37.    Plaintiffs bring their WHL and  WPL claims on behalf of themselves and as representatives of all other teachers and assistant teachers employed by Defendants pursuant to N.J.S.A. 34:11-56a25.

38.  Plaintiffs bring these WHL and WPL claims as a representatives on behalf of all teachers and teacher assistants who provided services to Defendants during the six years prior to filing the Complaint  ("the Class").

39.  Plaintiffs bring this representative action on behalf of all members of the Class who provided services to Defendants at any time within six years of the filing of this lawsuit  to entry of judgment in this case or such earlier date as the Court may determine is equitable (the  "Class Period").

40.  The Teacher Assistant Subclass means all those Teacher Assistants who provided services to Defendants as of January 1, 2020, to date whose salaries were less than $684.00 per week.

41.  The Departing Subclass means all those Teacher and Teacher Assistants who provided services to Defendants who did not return for the following School Year, and who were not paid their full salary.

42.  The WHL and WPL specifically authorizes a representative action on behalf of the other hourly employees, and constitutes findings by the Legislature that in such an action:

    a.    numerosity is not required in an action to collect unpaid or late paid compensation for services rendered to an employer;

    b.    an employee in a similar job classification is sufficiently typical for a viable representative action on behalf of the other employees in that or a similar job classification;

    c.    such an employee is presumed to fairly and adequately protect the interests of other employees;

    d.    the prosecution of a representative action by one employee on behalf of other employees would eliminate the risk of

        i.    inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants; and

        ii.    adjudications with respect to other employees that would as a practical matter be dispositive of the interests of other employees not parties to the adjudications or substantially impair or impede their ability to protect their interests;

    e.    a representative action is superior to other available methods for the adjudication of the claims herein as the damages are likely to be insufficient to incentivize the bringing of a lawsuit to redress the illegalities at issue; and

    f.    that questions of law and fact that are common to the Teacher Assistants and Teachers predominate over individual questions.

43.  In effecting a forced loan by Class members to Defendant UVSO, and failing to pay Class members on a timely basis, Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

44.  In improperly paying the Teacher Assistant Subclass on a salary basis as of January 1, 2020, Defendants have acted or refused to act on grounds generally applicable to the Subclass, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Subclass as a whole.

45. Questions of law and fact common to the collective and class action as a whole include, but are not limited to the following:

    a.    Whether each of the Defendants is an employer of the Class under the WHL and the WPL;

    b.    Whether Defendants knew or should have known of their obligations under the WHL and the WPL;

    c.    Whether Defendants complied with their recordkeeping obligations under the the WHL and WPL;

    d.    Whether the Class only worked during the School Year;

    e.    Whether the compensation of the Class was fully paid at each payday;

     f.     Whether any failure of Defendants to pay timely the Class all of their compensation the applicable minimum wage or premium pay for overtime work was

     (1)    inadvertent

     (2)    in good faith

     (3)    based on reasonable grounds, and

     (4)    timely corrected.

46.   Questions of law and fact that are common to the Teacher Assistants Subclass predominate over individual questions.

47.  In the alternative, Plaintiffs submit that, pursuant to R. 4:32-1:

     a.     joinder of all Class members is impracticable, and that given the turn-over in Defendants' work-force there are more than 40 members of the Class, presumptively demonstrating numerosity;

     b.     As set forth above, there are questions of law and fact common to the Class which predominate over any questions affecting only individual members;

     c.     Plaintiff's claims are typical of the claims of the Class;

     d.     Plaintiffs will fairly and adequately protect the interests of the Class; and

     e.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual employees lack the financial resources to vigorously prosecute a lawsuit in the Superior Court against corporate defendants.

48. Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

49. The names, last known addresses, cell phone numbers and email addresses of the potential members of the Class are available from Defendants, making identification of Class members practicable, and allowing notice to be provided to all Class members in a timely and efficient manner.

50. As set forth above, and with regard to the Teacher Assistant Subclass and the Departing Subclass, the WHL and the WPL reflect a judgment by the Legislature that

      a.   numerosity is not required in an action to collect unpaid or late paid compensation for services rendered to an employer;

      b.   an employee in the same or similar job classification is sufficiently typical for a viable representative action on behalf of the other employees in that same or similar job classification;

      c.   such an employee is presumed to fairly and adequately protect the interests of other employees;

      d.   the prosecution of a representative action by one employee on behalf of other employees would eliminate the risk of

          i.   inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants; and

-10-

        ii.     adjudications with respect to other employees that would as a practical matter be dispositive of the interests of other employees not parties to the adjudications or substantially impair or impede their ability to protect their interests;

    e.    a representative action is superior to other available methods for the adjudication of the claims herein as the damages are likely to be insufficient to incentivize the bringing of a lawsuit to redress the illegalities at issue; and

    f.    that questions of law and fact that are common to the Subclasses predominate over individual questions.

51. In failing to pay the Teacher Assistant Subclass the minimum salary required for pay on a salary basis, and in failing to pay the Departing Subclass their full salary, Defendants have acted or refused to act on grounds generally applicable to that Subclass, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Subclass as a whole.

52. In the alternative, Plaintiffs submit that, pursuant to R. 4:32-1:

    a.    joinder of all Subclass members is impracticable, and that given the turn-over in Defendants' work-force there are more than 20  members of each Subclass;

    b.    As set forth above, there are questions of law and fact common to each Subclass which predominate over any questions affecting only individual members;

    c.    The indicated Plaintiffs's  claims are typical of the claims of the Subclass;

    d.      The indicated Plaintiffs will fairly and adequately protect the interests of the Subclass; and

    e.      A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual employees lack the financial resources to vigorously prosecute a lawsuit in the Superior Court against corporate defendants.

### COUNT I (WHL and WPL )
### (improper forced loan and deductions)

53.  Plaintiffs repeat all of the foregoing as if fully set forth herein.

54. N.J.S.A. 34:11-4.2 requires that "(t)he end of the pay period for which payment is made on a regular payday shall be not more than 10 working days before such regular payday, provided that if the regular payday falls on a non-work day payment shall be made on the preceding work day."

55.  The pay practices described above with regard to the Class as a whole meant that Defendants violated N.J.S.A. 34:11-4.2 on a regular basis during the School Year.

56.  By the pay practices described with regard to the Class as a whole, Defendants violated the WHL, and in particular N.J.A.C. 12:56-1.2(7)(I).

**WHEREFORE**, Plaintiffs on their own behalf and on behalf of the Class during the Class Period demands judgment of Defendants, jointly and severally:

    a.      Declaring that Defendants' pay practices violate the WHL and the WPL;

b.      Compensating Plaintiffs and the Class Members for improperly deducted wages and consequential damages;

c.      Awarding liquidated damages;

d.      Granting attorney's fees and all costs of suit; and

e.      Securing such other relief as this Court deems just and meritorious.

## COUNT II (WHL, WPL, contract and third-party beneficiary)
### (failure to pay full salary)

57.   Plaintiffs BREWER, WEATHERINGTON, BENOIT, LUCAS and the Departing Subclass repeats all of the foregoing as if fully set forth herein.

58.   The pay practices described above with regard to Plaintiffs BREWER, WEATHERINGTON, BENOIT, LUCAS  and the Departing Subclass meant that Defendants violated N.J.S.A. 34:11-4.2. on a regular basis during the School Year.

59.   By the pay practices described with regard to Plaintiffs BREWER, WEATHERINGTON, BENOIT, LUCAS and  the Departing Subclass, Defendants violated the WHL, and in particular N.J.A.C. 12:56-1.2(7)(I).

60.   Plaintiffs BREWER, WEATHERINGTON, BENOIT, LUCAS and the Departing Subclass are third-party beneficiaries of each Newark BOE Contract.

61.   By the pay practices described above with regard to Plaintiffs BREWER, WEATHERINGTON, BENOIT, LUCAS and  the Departing Subclass, Defendants violated each Newark BOE Contract during the Class Period.

62. By the pay practices described above with regard to Plaintiffs BREWER, WEATHERINGTON, BENOIT, LUCAS and the Departing Subclass, Defendants violated their individual contracts.

**WHEREFORE**, Plaintiffs BREWER, WEATHERINGTON, BENOIT, LUCAS on their own behalf and on behalf of the Departing Subclass during the Class Period demands judgment of Defendants, jointly and severally:

a.   Declaring that Defendants' pay practices violate the WHL, the WPL and are in violation of the Newark BOE Contracts and their own contracts with Plaintiffs;

b.   Compensating Plaintiffs and the Departing Subclass members for unpaid salary and wages, and consequential damages;

c.   Awarding liquidated damages;

d.   Granting attorney's fees and all costs of suit; and

e.   Securing such other relief as this Court deems just and meritorious.

## COUNT III (WHL)
### (failure to pay $684.00 weekly for salary basis)

63. Plaintifffs EDRINGTON-LATHAM, BREWER, WEATHERINGTON and the Teacher Assistant Subclass repeat all of the foregoing as if fully set forth herein.

64. The pay practices described above with regard to Plaintiffs EDRINGTON-LATHAM, BREWER, WEATHERINGTON and the Teacher Assistant Subclass violate the WHL.

**WHEREFORE**, Plaintiffs EDRINGTON-LATHAM, BREWER and WEATHERINGTON on their own behalf and on behalf of the Teacher Assistant Subclass from January 1, 2020, to date and continuing demands judgment of Defendants, jointly and severally:

    a.    Declaring that Defendants' pay practices violate the WHL;

    b.    Compensating Plaintiffs and the Teacher Assistant Subclass for the failure to pay them $684.00/week;

    c.    Awarding liquidated damages;

    d.    Granting attorney's fees and all costs of suit; and

    e.    Securing such other relief as this Court deems just and meritorious.


                                    /s/David Tykulsker                     
                                    DAVID TYKULSKER, Esq.
                                    David Tykulsker & Associates
                                    161 Walnut Street
                                    Montclair, NJ 07042
                                    (973) 509-9292 (phone)
                                    (973) 509-1181 (fax)
                                    david@dtesq.com

Dated: March 28, 2022

## **JURY DEMAND**

Plaintiffs demand trial by jury of all issues so triable.


                                    /s/David Tykulsker                     
                                    DAVID TYKULSKER, Esq.

Dated: March 28, 2022


-15-

**<u>CERTIFICATION REGARDING OTHER ACTIONS AND PARTIES</u>**

Pursuant to L.Civ.R. 11.2, the undersigned certifies that the matter in controversy herein is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor is any such court action or arbitration contemplated.  Plaintiffs are unaware of any non-party who should be joined in this action, or who is subject to joinder because of potential liability to any party on the basis of the same transactional facts alleged in the Amended Complaint herein.

/s/David Tykulsker
DAVID TYKULSKER, Esq.

Dated: March 28, 2022