UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAVASHA EDRINGTON-LATHAM, TERRY M. LUCAS, SHANTE WEATHERINGTON, SHARITA BENOIT, & SAMIRAH BREWER, *on behalf of themselves and as representatives*,<br><br>Plaintiffs,<br><br>v.<br><br>UNIFIED VAILSBURG SERVICES ORGANIZATION, SANDONNA JONES, TOMECCA KEYES, & UNKNOWN SUPERVISORS AND MANAGERS 1-5,<br><br>Defendants. | Civil Action No.<br><br>22-1465 (SDW) (LDW)<br><br>**REPORT AND RECOMMENDATION** |

**LEDA DUNN WETTRE, United States Magistrate Judge**

Before the Court is plaintiffs' motion to remand this action to the Superior Court of New Jersey, Law Division, Essex County pursuant to 28 U.S.C. § 1367(c)(3). (ECF No. 7). Defendants cross-move for attorney's fees and costs in the event the action is remanded. (ECF No. 14). The Honorable Susan Davis Wigenton, U.S.D.J., referred the motions to the undersigned for a Report and Recommendation, which is being issued without oral argument pursuant to Federal Rule of Civil Procedure 78. Having considered the parties' submissions and good cause having been shown, it is respectfully recommended that plaintiffs' motion to remand be **GRANTED** and defendants' cross-motion for attorney's fees be **DENIED**.

I. **BACKGROUND**

Plaintiffs commenced this putative class action in the Superior Court of New Jersey, Essex County in February 2022. (Compl., ECF No. 1, Exh. A). They are teachers and teacher's assistants who were employed at relevant times by defendant Unified Vailsburg Services Organization ("UVSO") to provide pre-school services to children in the Vailsburg section of Newark. (*Id.*). Plaintiffs' initial Complaint asserted claims against UVSO and its representatives, individual defendants Jones and Keyes, under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. (the "FLSA"), New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56a1, *et seq*., New Jersey Wage Payment Law, N.J.S.A. § 34:11-4.1, *et seq*., and common law. (*Id.*).

Defendants removed the action to this Court on or about March 16, 2022 on the basis that plaintiffs' assertion of FLSA claims conferred federal question jurisdiction on the Court under 28 U.S.C. § 1331. (Notice of Removal, ECF No. 1). On March 28, 2022, plaintiffs filed an Amended Complaint as of right that removed the FLSA claims and retained only the state statutory and common law claims. (Am. Compl., ECF No. 6). Plaintiffs now move to remand the action to the Superior Court of New Jersey, asserting that the Court should exercise its discretion to decline supplemental jurisdiction over the state law claims following plaintiffs' abandonment of the sole federal cause of action under the FLSA.[1] (ECF No. 7).

II. **ANALYSIS**

    A.  **The Remand Motion**

There is no question that the action was properly removed here under 28 U.S.C. § 1441 because, at the time of removal, the Court had federal question jurisdiction pursuant to 28 U.S.C.

---

[1] The parties acknowledge that the Court does not have diversity jurisdiction under 28 U.S.C. § 1332. (*See* ECF Nos. 7 at 2; 14 at 3).

2

§ 1331 based on plaintiffs' federal FLSA claims. The Court also had the power to exercise supplemental jurisdiction over the pendent state law claims because those claims "form[ed] part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

But the power to exercise supplemental jurisdiction under 28 U.S.C. § 1367 is discretionary and turns upon a number of factors that incorporate principles of judicial economy and comity, which should be re-examined as the procedural landscape of the case shifts. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349-50 (1988) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726-27 (1966)). One of the factors to be considered in determining whether to decline to exercise supplemental jurisdiction is whether "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ.*, 484 U.S. at 350 n.7. Indeed, where federal claims have been dismissed in a removed case, the Third Circuit instructs that "the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *N. Sound Capital LLC v. Merck & Co.*, 938 F.3d 482, 494 n.11 (3d Cir. 2019) (emphasis in original) (quoting *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000)). Although the ultimate decision is discretionary, "the rule within this Circuit is that once all claims with an independent basis of federal jurisdiction have been dismissed the case no longer belongs in federal court." *Esposito v. Ridgefield Park Bd. of Educ.*, 856 Fed. App'x. 367, 371 n.13 (3d Cir. 2021) (citation omitted). Retention of jurisdiction over purely state law claims after federal causes

3

of action have been dismissed should not occur absent "extraordinary circumstances." *Simcic v. Pittsburgh Water & Sewer Auth.*, 605 Fed. App'x 88, 92 (3d Cir. 2015) (citing *Shaffer v. Board of Sch. Directors of Albert Gallatin Area Sch. Dist.*, 730 F.2d 910 (3d Cir. 1984)).

Defendants urge the Court to exercise supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367(a), primarily on the basis that plaintiffs are allegedly attempting to manipulate this Court's jurisdiction to return to state court. (ECF No. 14). They further argue that, given the early stage of this litigation, the Court should find the factors of judicial economy, convenience, fairness, and comity to be neutral. (ECF No. 14 at 12-13).

Even assuming, however, that plaintiffs abandoned the FLSA claims after removal for the purpose of seeking remand to the state court, that is not a sufficient basis *per se* for the Court to continue to exercise supplemental jurisdiction over the action. As this Court aptly has noted, "it does not necessarily follow that seeking remand via claim disclaimer was impermissible forum manipulation." *Knopp v. Shell Oil Co.*, Civ. A. No. 20-3098 (SDW), 2020 WL 7334094, at *4 (D.N.J. Dec. 14, 2020). In the absence of any "further indications of bad faith, such as an attempt to nullify adverse rulings by switching courts," the specter of manipulation is insufficient to warrant retaining jurisdiction over purely state law claims. *Dirauf v. Berger*, 506 F. Supp. 3d 254, 266 (D.N.J. 2020). In any event, even if plaintiff did in fact engage in behavior that rises to the level of improper manipulation, "such a factor is not dispositive" of the Court's determination. *Ortiz v. Univ. of Med. & Dentistry of New Jersey*, Civ. No. 08-2669, 2009 WL 2194782, at *4 (D.N.J. July 23, 2009). Both the Supreme Court of the United States and the Third Circuit have instructed that concerns about forum manipulation do not alone govern remand. Rather, efforts by plaintiffs to forum shop merely should "be considered along with other factors in the decision whether to remand." *Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217, 233 (3d Cir. 1995);

4

*Carnegie-Mellon Univ.*, 484 U.S. at 357 ("If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case."). The Court finds that plaintiffs' mere exclusion of the FLSA claims from the Amended Complaint, without more, is not indicative of bad faith and is but one factor for the Court to weigh in determining whether remand is appropriate. *Dirauf*, 506 F. Supp. 3d at 267.

Considering all of the requisite factors under 28 U.S.C. § 1367(c) here, the Court views remand as appropriate for several reasons. First, no federal cause of action remains before this Court. *See Knopp,* 2020 WL 7334094, at *4 (D.N.J. 2020); (Am. Compl., ECF No. 6). Second, judicial economy does not favor the case remaining in this extraordinarily busy court, where it has been pending only a few months, discovery has not begun, and the Court has no familiarity with it other than through the instant motion. *See Mazzola v. AmeriChoice of N.J., Inc.,* Civ. A. No. 13-429 CCC, 2013 WL 6022345, at *2 (D.N.J. Nov. 13, 2013). Third, there is no inconvenience to either party to litigate state law claims in the Superior Court, Essex County, which is located just a short distance from this Court. *See Barone v. Pub. Serv. Elec. & Gas Co.*, Civ. A. No. 18-16569 (KM)(JBC), 2019 WL 3297230, at *8 (D.N.J. July 22, 2019). Fourth, comity is best served by allowing the New Jersey courts to adjudicate purely state law claims. *See Gibson v. Vive Spa & Salon, LLC*, Civ. A. No. 11-5403 (PGS), 2012 WL 4035152, at *2 (D.N.J. Sept. 12, 2012). These factors are not outweighed by defendants' "fairness" concern that plaintiffs are "manipulating" the forum by seeking to return to the court in which they chose to file, especially where there has been no showing of bad faith. *See Dirauf*, 506 F. Supp. 3d at 266-67. For all of these reasons, the undersigned recommends that the District Court remand this matter to the Superior Court.

### B. Defendants' Cross-Motion For Fees

The undersigned further respectfully recommends that the Court deny defendants' cross-motion for fees and costs. Although 28 U.S.C. § 1447(c) permits an award of removal-related attorneys' fees and costs, district courts have broad discretion in determining whether such fee-shifting is warranted. *See Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1260 (3d Cir. 1996); *Horowitz v. Marlton Oncology, P.C.,* 116 F. Supp. 2d 551, 556 (D.N.J. 1999). Ordinarily, a fee-shifting application under section 1447(c) is made by a prevailing plaintiff on a remand motion, in order to compensate the plaintiff for costs associated with a defendant's improvident removal. *See Lott v. Duffy*, 579 F. App'x 87, 90 (3d Cir. 2014). Such applications are granted sparingly and ordinarily "*only* where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (emphasis added).

Here, the usual section 1447(c) scenario is reversed, where it is *defendants* who seek fees from the *plaintiff* for a purportedly manipulative (but successful) *remand* motion. (ECF No. 14 at 13-14). Defendants' cross-motion is devoid of legal authority, however, for the notion that 28 U.S.C. § 1447(c) authorizes an award of fees to the party opposing remand of a properly removed case. Even assuming *arguendo* such relief were available under section 1447(c), plaintiffs' conduct does not merit a fee award to defendants. As the Court has already found, plaintiffs' mere amendment of the Complaint to remove the FLSA claims does not constitute bad faith or impermissible forum manipulation, even if it was undertaken to promote remand. *See Knopp,* 2020 WL 7334094, at *4; *Dirauf*, 506 F. Supp. 3d at 266. As such, the undersigned respectfully recommends that District Court deny defendants' cross-motion.

### III. CONCLUSION

For the reasons stated above, this Court respectfully recommends that the motion to remand this action to the Superior Court of New Jersey, Law Division, Essex County, be **GRANTED** and that defendants' cross-motion for attorney's fees be **DENIED.**

The parties are hereby advised that, pursuant to Fed. R. Civ. P. 73(b)(2), they have 14 days after being served with a copy of this Report and Recommendation to serve and file specific written objections to the Honorable Susan D. Wigenton, U.S.D.J.

Dated: July 13, 2022

*Leda Dunn Wettre*

**Leda Dunn Wettre**
**United States Magistrate Judge**

Original: Clerk of the Court
cc: Hon. Susan D. Wigenton, U.S.D.J.
     All Parties