**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

LAVASHA EDRINGTON-LATHAM, TERRY M. LUCAS, SHANTE WEATHERINGTON, SHARITA BENOIT, AND SAMIRAH BREWER, *on behalf of themselves and as representatives*,

Plaintiff,

v.

UNIFIED VAILSBURG SERVICES ORGANIZATION, SANDONNA JONES, TOMECCA KEYES, AND UNKNOWN SUPERVISORS AND MANAGERS 1-5 (NAMES BEING FICTITIOUS),

Defendants.

No. 22-01465 (SDW)(LDW)

**ORDER**

October 3, 2022

**WIGENTON**, District Judge.

Before this Court is the Report and Recommendation ("R&R") entered on July 14, 2022, by Magistrate Judge Leda D. Wettre ("Judge Wettre"), (D.E. 18), recommending that Plaintiffs Lavasha Edrington-Latham, Terry M. Lucas, Shante Weatherington, Sharita Benoit, and Samirah Brewer's (collectively, "Plaintiffs") Motion to Remand this action to the Superior Court of New Jersey, Law Division, Essex County (D.E. 7) pursuant to 28 U.S.C. § 1367(c)(3) be granted and that Defendants' Unified Vailsburg Services Organization, Sandonna Jones, Tomecca Keyes (collectively, "Defendants") Cross-Motion motion for attorneys' fees (D.E. 14) be denied. Upon reviewing the R&R, objections, and the record, this Court agrees with Judge Wettre's findings and recommendation to remand this action to the Superior Court of New Jersey, Law Division, Essex County. However, this Court finds that further discussion on Defendants' argument that Plaintiffs

engaged in forum manipulation, as well as Defendants' request for attorneys' fees is warranted. (*See generally* D.E. 14 and D.E. 19.)

In her R&R, Judge Wettre addressed whether Plaintiffs engaged in forum manipulation and concluded that "[P]laintiffs' mere exclusion of the FLSA claims from the Amended Complaint, without more, is not indicative of bad faith and is but one factor for the Court to weigh in determining whether remand is appropriate." (D.E. 18 at 4 (citing *Dirauf v. Berger*, 506 F. Supp. 3d 254, 267 (D.N.J. 2020))). Defendants object to Judge Wettre's findings, *inter alia*, on the grounds that the R&R "discounted the forum manipulation in this matter." (D.E. 19 at 5.) As Judge Wettre remarked, "[e]ven assuming, however, that plaintiffs abandoned the FLSA claims after removal for the purpose of seeking remand to the state court, that is not a sufficient basis *per se* for the Court to continue to exercise supplemental jurisdiction over the action." (D.E. 18 at 4.) Both the Supreme Court of the United States and the Third Circuit have instructed that efforts by plaintiffs to forum shop merely should "be considered along with other factors in the decision whether to remand." *Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217, 233 (3d Cir. 1995); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988) ("If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case."). Here, Plaintiffs' mere exclusion of the FLSA claims from the Amended Complaint "do not rise to the level of the 'manipulative tactics' necessary to tip the scale in favor of retaining jurisdiction." *Collins v. Stevens Institute of Technology*, Civ. No. 15-4393, 2016 WL 4579973, *5 (D.N.J. Aug. 3, 2016). This matter is in the early stage of litigation, discovery has not begun, the pleadings remain unsettled, and the Court has yet to delve into the merits of the case. The Court's "familiarity with this matter barely scratches the surface," as the Court has no familiarity with it

other than through the instant motion. *Collins v. Stevens Institute of Technology*, 2016 WL 4579973, at *5. Accordingly, this Court will adopt Judge Wettre's determination that Plaintiffs' exclusion of the FLSA claims from the Amended Complaint, without more, is not indicative of bad faith or impermissible forum manipulation.

Furthermore, in her R&R, Judge Wettre articulated that "Defendants' cross-motion is devoid of legal authority, however, for the notion that 28 U.S.C. § 1447(c) authorizes an award of fees to the party opposing remand of a properly removed case. Even assuming *arguendo* such relief were available under section 1447(c), plaintiffs' conduct does not merit a fee award to defendants." (D.E. 18 at 7.) Upon reviewing the R&R, objections, and the record, this Court finds that Defendants have not set forth any basis entitling them to such an award of attorneys' fees and costs.

Based on the foregoing, and for good cause shown, it is hereby

**ORDERED** that the R&R of Judge Wettre, (D.E. 18), is **ADOPTED** as the conclusions of law of this Court. Plaintiffs' Motion to Remand to State Court (D.E. 7), shall be **GRANTED**, and Defendants' Cross-Motion for Attorneys' Fees, (D.E. 14), shall be **DENIED**.

**SO ORDERED**.

___/s/ Susan D. Wigenton_____
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
Leda D. Wettre, U.S.M.J.